UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
ROYAL AND SUN ALLIANCE INSURANCE
COMPANY OF CANADA,

                 Plaintiff,               03 Civ. 7256 (DAB)
                                      MEMORANDUM & ORDER

        -against-

CENTURY INTERNATIONAL ARMS, INC.
and CENTURY ARMS, INC.

                 Defendants.
-------------------------------------X
DEBORAH A. BATTS, United States District Judge.

      Plaintiff Royal and Sun Alliance Insurance Company of Canada

("RSA") filed the above-captioned case against Defendants Century

International Arms, Inc. and Century Arms, Inc. (collectively

"Defendants") alleging breach of contract, unjust enrichment and

quantum meruit.

      Defendants have moved to dismiss the Complaint on two

grounds:  (1) because there is a prior action pending in Canada,

and (2) under the doctrine of *forum non conveniens.*

Alternatively, Defendants request that the Court transfer this

case to Vermont pursuant to 28 U.S.C. § 1404(a).

      For the following reasons, the Court GRANTS Defendants'

Motion to Dismiss.


                 I.  BACKGROUND

      The following facts are taken from the Complaint and are

accepted as true by the Court for the purposes of this Motion to Dismiss.[1]

Plaintiff RSA is a Canadian corporation with its principal place of business in Toronto, Ontario.  RSA is authorized to issue insurance policies in the United States.  Defendants Century International Arms, Inc. and Century Arms, Inc. are organized under the laws of Vermont, with their principal places of business located within that state.  Defendants are in the business of manufacturing, importing, exporting and/or distributing firearms and ammunitions.

Plaintiff issued Defendants three Comprehensive General Liability insurance policies ("the Policies") for the consecutive annual time periods from June 12, 1991 to June 12, 1994.  The first named insured under those Policies was Century International Arms Ltd. ("Century Ltd."), a non-party to this lawsuit.  Defendants Century Arms, Inc. and Century International

---

[1] Additional facts have been taken from the Exhibits and Affidavits submitted by the Parties.  The Court has taken into account these facts in its determination of the Motion to Dismiss because Defendants have raised as a grounds for dismissal, a pending prior action in Canada.  In determining such a motion, courts in this district have determined that the Court may consider facts presented by the Parties outside the pleadings. See e.g., Filetech S.A.R.L. v. France Telecom, 987 F. Supp. 464, 482 n.16 (S.D.N.Y. 1997); Official Comm. Of Unsecured Creditors v. Transpacific Corp., 242 B.R. 243, 248 (Bankr. S.D.N.Y. 1999).

Arms, Inc. are additional named insureds under the Policies. According to Defendants, Century Arms, Inc. and Century International Arms, Inc. are affiliates of non-party Century Ltd. (Warren Aff. ¶ 6.)

Defendants were named as defendants in several lawsuits filed by individual claimants who sustained losses and injuries resulting from allegedly defective weaponry manufactured and distributed by Defendants within the United States.  RSA defended these lawsuits, negotiated, and made payments in settlement of these lawsuits.  Pursuant to the terms and conditions of the Policies, RSA claims that it is entitled to reimbursement for defense expenses and deductibles paid in connection with the lawsuits, which are in excess of $250,000.00.  (Compl. ¶ 16.) RSA was not reimbursed.

RSA brought a suit against non-party Century Ltd. in Superior Court, Province of Quebec, District of Montreal, Canada. (Warren Aff. ¶ 8; Charbonneau Aff. ¶ 3.)  In the Canadian action, RSA seeks payment, in the total sum of $212,805.00, from non-party Century Ltd. for sums due and owing to RSA based upon the duty to reimburse the deductible of the Policies.  (Takeda Aff. ¶ 6; Rosenbaum Aff. at Ex. B, ¶ 13.)  In its response to the Amended Declaration filed by RSA, Century Ltd. stated that the claims asserted by RSA related to events which occurred in the

3

United States and claims asserted against the other named

insureds, and not Century Ltd.   (Charbonneau Aff. at Ex. A, ¶

20.)   Century Ltd. cited a provision in the Policies which stated

that

> Except with respect to the Limits of Insurance
> and any rights or duties specifically assigned
> to the first Named Insured, this insurance
> applies:
>
>          a.   As if each Named Insured were the
>               only Named Insured; and
>
>          b.   Separately to each action against
>               whom claim is made or "action" is
>               brought.

(Takeda Aff. at Ex. H, ¶ 18.)

According to RSA, based on Century Ltd.'s averment in the

Canadian litigation that it was a separate company with separate

obligations than Century International Arms, Inc. and Century

Arms, Inc., it instituted this present suit against those two

entities.   In this suit, brought here in the Southern District of

New York, RSA has alleged claims of breach of contract, unjust

enrichment and quantum meruit.

Defendants have moved to dismiss the Complaint.


## II.  DISCUSSION

Defendants argue that the Court should dismiss the Complaint

either because of a prior pending action in Canada, or under the

**4**

doctrine of *forum non conveniens*.  In the alternative, Defendants
argue that this case should be transferred to Vermont.


A.   Deference to Foreign Proceedings

     Defendants move to dismiss the Complaint based on a prior
action that is pending in Canada.[2]

     Courts have the inherent power to stay or dismiss an action
based on the pendency of a related proceeding in a foreign
jurisdiction.  See Houbigant Inc. v. ACB Mercantile, Inc., 914
F.Supp. 997, 1003 (S.D.N.Y. 1996); Advantage Int'l Management,
Inc. v. Martinez, 93 Civ. 6227, 1994 WL 482114, at *2 (S.D.N.Y.
Sept. 7, 1994); Continental Time Corp. v. Swiss Credit Bank, 543
F.Supp. 408, 410 (S.D.N.Y. 1982).  However, the Court recognizes
that its discretion is not boundless and is limited by its
obligation to exercise jurisdiction.  See Caspian Invs. Ltd. v.
Vicom Holdings, Ltd., 770 F.Supp. 880, 884 (S.D.N.Y. 1991); see
also Colo. River Water Conservation Dist. v. United States, 424
U.S. 800, 817 (1976) (stating that federal courts have a
"virtually unflagging obligation . . . to exercise the

---

     [2] Plaintiffs refer to Defendants' motion as one based on
international comity.  Defendants also refer to their argument as
based on the comity-abstention doctrine in their reply.

jurisdiction given them.").

While the Supreme Court has not yet articulated the standard for determining whether to stay or dismiss an action in deference to a foreign proceeding, courts tend to weigh a number of factors in their determination, including:  (1) the similarity of parties and issues involved, (2) the temporal sequence of filing for each action, (3) considerations of fairness and possibility of prejudice to any of the parties, (4) the adequacy of relief in the alternative forum, and (5) the promotion of judicial efficiency.  See Caspian, 770 F.Supp. at 844 (citations omitted). In exercising its discretion to abstain on the basis of comity, the Court must be guided by the overarching concerns upon which comity-based abstention is based:  "demonstrating a proper level of respect for the acts of other sovereign nations, ensuring fairness to litigants, and efficiently using scarce resources." United Feature at 212.  Furthermore, extending comity to parallel international proceedings is appropriate "only if those proceedings do not violate the laws or public policy of the United States . . . and if 'the foreign court abides by fundamental standards of procedural fairness.'"  Finanz AG Zurich, 192 F.3d at 246 (citations omitted).

Defendants argue that dismissal based on the prior action in Canada brought by RSA against non-party Century Ltd. warrants

6

dismissal of this action because the Canadian litigation involves "essentially the same parties as this case, as well as the same, identical facts and issues." (Defs.' Mem. Law at 4.) RSA opposes dismissal based on the Canadian litigation. RSA argues that Defendants cannot argue that they are related to non-party Century Ltd. when averments by Century Ltd. establish that they are not related. Further, RSA argues that dismissing this action would be unfair to RSA becuase it would "shut RSA out of court altogether." (Pl.'s Mem. Law at 9.)

As an initial matter, Defendants have stated that both Defendants Century International Arms, Inc. and Century Arms, Inc. "consent to the jurisdiction of the Superior Court, Province of Quebec, District of Montreal, Canada where there is a prior action pending, for the purposes of that litigation only." (Supplement Warren Aff. ¶ 5.)

Contrary to Defendants' assertions, the Parties in both the Canadian action and the action before this Court are not identical. Defendants are not named in the Canadian litigation, filed well over six years ago. Only RSA is a party to both this action and the Canadian suit. However, contrary to RSA's assertions, Defendants and Century Ltd. have not made contradictory claims about their affiliation. In its Defense filed in the Canadian litigation, Century Ltd. stated that it is

7

a separate entity for the purposes of determining liability under the Policies.  This is not inconsistent with Defendants' statement that they are affiliates of non-party Century Ltd.  All three companies were listed as insureds on the Policies and it appears that there is a question of which company, or all are liable for the reimbursement for services and settlement provided by RSA, in which case, adjudication of these claims in the Canadian court would ensure judicial efficiency and avoid inconsistent results.

Courts in the United States have regularly deferred to Canadian courts.  "Canada is a sister common law jurisdiction with procedures akin to our own, and thus there need be no concern over the adequacy of procedural safeguards of Canadian proceedings."  Cornfeld v. Investors Overseas Servs., Ltd., 471 F.Supp. 1251, 1259 (S.D.N.Y. 1979) (internal quotation and citations omitted).  Furthermore, it is clear that RSA would have an adequate remedy in Canadian law since they have brought virtually the same claims and demands against Century Ltd. in the Canadian action.

Accordingly, because there is a prior pending action in Canada, and because Defendants have consented to the jurisdiction of the Canadian court, the Court finds that dismissal of this case is warranted.

## III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED.

The Clerk of the Court is DIRECTED to close this case and remove it from the docket.

SO ORDERED.

Dated:    New York, New York
          August 26, 2005


                                    _____
                                    DEBORAH A. BATTS
                                    United States District Judge

9