UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROYAL AND SUN ALLIANCE INSURANCE
COMPANY OF CANADA,

                Plaintiff,                   03 CV 7256

        -against-                 Judge Deborah A. Batts

CENTURY INTERNATIONAL ARMS, INC.
and CENTURY ARMS, INC.,

                Defendants.
-----------------------------------------------------------X

### DEFENDANT CENTURY INTERNATIONAL ARMS, INC.'S ANSWER TO THE COMPLAINT

    Defendant, CENTURY INTERNATIONAL ARMS, INC., by and through its attorneys, RENZULLI LAW FIRM, LLP, for its Answer to the Complaint of Plaintiff ROYAL AND SUN ALLIANCE INSURANCE COMPANY OF CANADA, respectfully states as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "1" of the Plaintiff's Complaint.

    2.    Denies the allegations contained in the paragraph designated as "2" of the Plaintiff's Complaint, except admits that Century International Arms, Inc. is a corporation duly organized and existing under the laws of Vermont with its principal place of business in Vermont.

    3.    States that this allegation is not directed to answering defendant, therefore no response is necessary. To the extent a response is required, denies the allegations contained in the paragraph designated as "3" of the Plaintiffs' Complaint, except admits

upon information and belief that Century Arms, Inc. is a corporation duly organized and existing under the laws of Vermont with its principal place of business in Vermont.

## JURISDICTION AND VENUE

4.      The allegations set forth in the paragraph designated as "4" of the Plaintiff's Complaint consist of a statement of law which requires no response from Century International Arms, Inc. To the extent a response is required, defendant denies the allegations and respectfully refers all questions of law set forth therein to this Court.

5.      Denies the allegations set forth in the paragraph designated as "5" of the Plaintiff's Complaint and respectfully refers all questions of law set forth therein to this Court.

## GENERAL ALLEGATIONS

6.      Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "6" of the Plaintiff's Complaint, but admits that Century Arms, Inc. and Century International Arms, Inc. were named additional insureds under certain insurance policies numbered 5915963 issued by Royal Insurance Company of Canada.

7.      Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated at "7" of the Plaintiff's Complaint, but admits that a certain insurance policy numbered 5915963 provided for an annual aggregate limit of coverage of $1,000,000 (CDN), subject to a $10,000 (CDN) deductible, to the named additional insureds, and respectfully refers to that policy for all of its applicable terms, provisions, and conditions.

8. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "8" of the Plaintiff's Complaint, but admits that Century Arms, Inc. and Century International Arms, Inc. were named additional insureds under a certain insurance policy numbered 5915967 issued by Royal Insurance Company of Canada.

9. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated at "9" of the Plaintiff's Complaint, but admits that a certain insurance policy numbered 5915967 provided for an annual aggregate limit of coverage of $5,000,000 (CDN), subject to a $100,000 (CDN) deductible for ammunition and products claims, to the named additional insureds, and respectfully refers to that policy for all of its applicable terms, provisions, and conditions.

10. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "10" of the Plaintiff's Complaint, but admits that Century Arms, Inc. and Century International Arms, Inc. were named additional insureds under a certain insurance policy numbered 5915974 issued by Royal Insurance Company of Canada.

11. Denies the knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated at "11" of the Plaintiff's Complaint, but admits that a certain insurance policy numbered 5915974 provided for an annual aggregate limit of coverage of $5,000,000 (CDN), subject to a $100,000 (CDN) deductible for ammunition and products claims, to the named additional insureds, and respectfully refer to that policy for all of its applicable terms, provisions, and conditions

12.    Denies the allegations contained in the paragraph designated as "12" of the Plaintiff's Complaint, but admits that Century International Arms, Inc. imports, exports, and distributes firearms and ammunition.

13.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "13" of the Plaintiff's Complaint because Plaintiff has not delineated which "several lawsuits" it is referring to, or otherwise defined "underlying litigation" in these allegations.

14.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "14" of the Plaintiff's Complaint because Plaintiff has not delineated which "several lawsuits" it is referring to, or otherwise defined "underlying litigation" in these allegations.

15.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "15" of the Plaintiff's Complaint because Plaintiff has not delineated which "several lawsuits" it is referring to, or otherwise defined "underlying litigation" in these allegations.

16.    Denies the allegation contained in the paragraph designated as "16" of the Plaintiff's Complaint and respectfully refers all questions of law set forth therein to this Court.

17.    Denies the allegation contained in the paragraph designated as "17" of the Plaintiff's Complaint and respectfully refers all questions of law set forth therein to this Court.

## COUNT I

### BREACH OF CONTRACT

18.     Defendant sets forth its responses to the paragraphs designated as "1"-"17" of the Plaintiff's Complaint as if they were fully set forth herein in response to the paragraph designated as "18" of the Plaintiff's Complaint.

19.     Denies the allegations contained in the paragraph designated as "19" of the Plaintiff's Complaint, but admits that defendant was a named additional insured under insurance policies 5915963, 5915967, and 5915974, and respectfully refers all questions of law set forth therein to this Court.

20.     Denies the allegations contained in the paragraph designated as "20" of the Plaintiff's Complaint and respectfully refers all questions of law set forth therein to this Court.

21.     Denies the allegations contained in the paragraph designated as "21" of the Plaintiff's Complaint.

22.     Denies the allegations contained in the paragraph designated as "22" of the Plaintiff's Complaint and respectfully refers all questions of law set forth therein to this Court.

23.     Denies the allegations contained in the paragraph designated as "23" of the Plaintiff's Complaint and respectfully refers all questions of law set forth therein to this Court.

## COUNT II

### UNJUST ENRICHMENT

24.     Defendant sets forth its responses to the paragraphs designated as "1"-"23"

of the Plaintiff's Complaint as if they were fully set forth herein in response to the paragraph designated as "24" of the Plaintiff's Complaint.

25.     Denies the allegations contained in the paragraph designated as "25" of the Plaintiff's Complaint.

26.     Denies the allegations contained in the paragraph designated as "26" of the Plaintiff's Complaint.

27.     Denies the allegations contained in the paragraph designated as "27" of the Plaintiff's Complaint.

28      Denies the allegations contained in the paragraph designated as "28" of the Plaintiff's Complaint.

29.     Denies the allegations contained in the paragraph designated as "29" of the Plaintiff's Complaint.

30.     Denies the allegations contained in the paragraph designated as "30" of the Plaintiff's Complaint and respectfully refers all questions of law set forth therein to this Court.

31.     Denies the allegation contained in the paragraph designated as "31" of the Plaintiff's Complaint and respectfully refers all questions of law set forth therein to this Court.

## COUNT III

### QUANTUM MERUIT

32.     Defendant sets forth its responses to the paragraphs designated as "1"-"31" of the Plaintiff's Complaint as if they were fully set forth herein in response to the paragraph designated as "32" of the Plaintiff's Complaint.

33.     Denies the allegations contained in the paragraph designated as "33" of the Plaintiff's Complaint and respectfully refers all questions of law set forth therein to this Court.

34.     Denies the allegations contained in the paragraph designated as "34" of the Plaintiff's Complaint and respectfully refers all questions of law set forth therein to this Court.

35.     Denies the allegations contained in the paragraph designated as "35" of the Plaintiff's Complaint.

36.     Denies the allegations contained in the paragraph designated as "36" of the Plaintiff's Complaint and respectfully refers all questions of law set forth therein to this Court.

37.     Denies the allegation contained in the paragraph designated as "37" of the Plaintiff's Complaint and respectfully refers all questions of law set forth therein to this Court.

### *AFFIRMATIVE DEFENSES*

### First Affirmative Defense

38.     Plaintiff's action is barred by the applicable statute of limitations.

### Second Affirmative Defense

39.     Plaintiff's action is barred by the doctrines of waiver and estoppel.

### Third Affirmative Defense

40.     Plaintiff's action is barred by the doctrine of latches.

### Fourth Affirmative Defense

41.     This Court is not the proper venue for the claims asserted by Plaintiff.

### Fifth Affirmative Defense

42.    Plaintiff's action fails to state a claim for which relief can be granted

### Sixth Affirmative Defense

43.    Plaintiff's action is barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

44.    Plaintiff's action should be dismissed in deference to a prior pending action in Quebec, Canada.

### Eighth Affirmative Defense

45.    The only appropriate and convenient forum for this action is in Quebec, Canada.

**WHEREFORE**, Defendant CENTURY INTERNATIONAL ARMS, INC. demands judgment dismissing the Complaint in its entirety and for such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
    July 25, 2007

Respectfully submitted,

John F. Renzulli (JFR-2917)
Paul Indig (PI-7404)
**RENZULLI LAW FIRM, LLP**
81 Main Street, Suite 508
White Plains, New York 10601
Tel: (914) 285-0700
Fax: (914) 285-1213

***Attorneys for Defendant***
***Century International Arms, Inc.***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROYAL AND SUN ALLIANCE INSURANCE
COMPANY OF CANADA,

            Plaintiff,                       03 CV 7256

          -against-                      Judge Deborah A. Batts

CENTURY INTERNATIONAL ARMS, INC.
and CENTURY ARMS, INC.,

            Defendants.
------------------------------------------------------------X

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2007, I electronically filed Century International Arms, Inc.'s Answer to the Complaint with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

John B. Galligan, Esq.
COZEN O'CONNOR, LLP
45 Broadway Atrium
16th Floor
New York, New York 10006
(212) 509-9400
*Attorneys for Plaintiff*
*Royal and Sun Alliance Insurance*
*Company of Canada*

                                  *s/Paul Indig (PI 7404)*
                                  Renzulli Law Firm, LLP
                                  81 Main Street, Suite 508
                                  White Plains, NY 10601
                                  Telephone – (914) 285-0700
                                  Facsimile – (914) 285-1213